ERIC WESSAN
SOLICITOR GENERAL



**IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL**

1305 E. WALNUT ST.
DES MOINES, IA 50319
Main: 515-281-5164 • Direct: 515-823-9117
Email: eric.wessan@ag.iowa.gov
www.iowaattorneygeneral.gov

June 25, 2026

**VIA CM/ECF**

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

> RE: *Lawrence Hamby v. State of Iowa, et al.* (No. 24-3548)–Defendants' Rule 28(j) Letter re *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, No. 23-1197, 2026 WL 1791277 (U.S. June 23, 2026).

Dear Ms. Bindler:

On June 23, the Supreme Court issued its opinion in *Landor v. Louisiana Department of Corrections & Public Safety*, 609 U.S. ___ (2026) (slip op.). In *Landor*, the Supreme Court held that "[i]ndividuals may not be held liable in their personal capacities under [the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)] unless those individuals have voluntarily and knowingly consented to answer lawsuits under the statute." *Landor*, 2026 WL 1791277, at \*1.

The Supreme Court reasoned that "[u]nder the Spending Clause, Congress's power to spend money does not include the power to regulate." *Id.* at \*11. The Supreme Court stated that concluding otherwise would "undermine the structure of [the federal] government established by the Constitution" and "violat[e] the principle of state sovereignty." *Id.* at \*10.

*Landor* forecloses Plaintiff's claims against Defendants in their personal capacities under RLUIPA. Indeed, Plaintiff admitted as much in his reply brief. *See* Appellant's Reply Br. at 21 n.8 ("Monetary damages may become available to Hamby depending on the result of *Landor*."). *Landor* now requires this Court to affirm the dismissal of Plaintiff's claims under RLUIPA against Defendants in their personal capacities.

The Court should affirm the district court's dismissal of all of Plaintiff's claims for the reasons stated by Defendants in their briefing and at argument. At minimum,

*Landor* requires the Court to affirm the dismissal of Plaintiff's RLUIPA claim against Defendants in their personal capacities.

Best regards,

ERIC WESSAN
*Solicitor General*

*/s/ Rudra Reddy*

RUDRA REDDY
*Assistant Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 281-3648
rudra.reddy@ag.iowa.gov

cc: Counsel of record (via ECF)

**CERTIFICATE OF SERVICE**

I, Rudra Reddy, hereby certify that on June 25, 2026, I electronically filed the Notice of Supplemental Authority under Federal Rule of Appellate Procedure 28(j) with the Clerk of Court of the United States Court of Appeals for the Eighth Circuit using CM/ECF system. Pursuant to Rule 28(j), this Notice contains 236 words. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

June 25, 2026

*/s/ Rudra Reddy*
RUDRA REDDY
*Assistant Solicitor General*